UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TEDDY LEWIS,

                               Petitioner,

-against-

DAVID ROCK, Superintendent,
Great Meadow Correctional Facility,

                               Respondent.
------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
CV-07-4350 (CBA)

**AMON, United States District Judge.**

## INTRODUCTION

Petitioner Teddy Lewis filed a petition for habeas corpus relief making two claims: (1) that his due process rights were violated by the state court's <u>Sandoval</u> ruling which permitted the prosecution to inquire into his prior felonies for impeachment purposes if he testified at trial; and (2) that the sentencing court's finding that he was a persistent violent felony offender, resulting in an enhancement of his sentence to twenty-one years to life, was in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).[1] For the reasons stated below, Lewis' claims do not warrant habeas relief and his petition is denied.

## BACKGROUND

On the evening of March 15, 2003, Lewis approached Juventino Ramos while riding the F train subway and asked him for money. When Ramos responded that he did not speak English, Lewis took out a thirteen inch knife. Lewis then reached into Ramos' back pocket, took his wallet and removed the money, amounting to six dollars. Ramos left the subway car at the next

---

[1] In his Reply to Respondent's Opposition to the Petition on May 27, 2008, Lewis also argued that *habeas* relief should be awarded because there is no record of a state court judgment presented for review, and he complained that respondent cited unpublished cases not available in the books to which petitioner has access. This first claim is meritless. As regards his second complaint, this court will not rely on any unpublished cases cited by respondent. In any event, for petitioner's information, this court attaches copies of those cases for his review.

1

stop and re-entered the adjoining car. Ramos looked for a police officer at each stop until finding one at the Roosevelt Avenue and 74th Street subway station. There he told the officer what had happened and pointed Lewis out to him. The officer then searched Lewis, felt a "solid object" in his back, and removed the knife while also recovering six dollars in the exact denominations that Ramos had described. Lewis was arrested and charged with robbery in the first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree.

The court held a Sandoval hearing prior to trial and ruled that should Lewis testify, the People could inquire into the existence and nature, but not underlying facts, of three of his prior seven convictions. Lewis did not take the stand on his own behalf at trial.

Lewis was convicted on April 20, 2004 of robbery in the first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree. At sentencing, Lewis admitted to two prior convictions of attempted robbery in the second degree. He was sentenced as a persistent violent felony offender to concurrent terms of twenty-one years to life, two to four years, and a term of one year, respectively on the robbery, weapons possession and stolen property charges.

Lewis appealed his conviction in which he asserted a due process violation based on the Sandoval ruling and alleged a violation of Apprendi v. New Jersey based on his sentence as a persistent violent felony offender. Lewis' conviction was affirmed by the Appellate Division, People v. Lewis, 818 N.Y.S.2d 615 (2d Dep't 2006), and leave to appeal to the New York Court of Appeals was denied. People v. Lewis, 7 N.Y.3d 850 (2006).

## DISCUSSION

**I.   AEDPA Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Where, as in this case, a state court finds a claim to be "unpreserved, and, in any event, without merit," that claim is still deemed to have been reviewed on the merits. See Zarvela v. Artuz, 364 F.3d 415, 417 (2d Cir. 2004); Brown v. Artuz, 283 F.3d 492, 498 (2d Cir. 2002) (holding that a claim was adjudicated on the merits where it was one of the remaining contentions that the Appellate Division stated were "without merit").

A decision is "contrary" to clearly established federal law, where the state court decision is "substantially different from the relevant precedent of this Court" or the state court applies "a rule that contradicts the governing law set forth in our cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). The Second Circuit has interpreted § 2254(d)(1) in light of Supreme Court precedent and held that "to permit habeas relief under the 'unreasonable application' phrase, a state court decision must be not only erroneous but also unreasonable. Some increment of incorrectness beyond error is needed." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000). The Second Circuit also cautioned "that the increment need not be great; otherwise, habeas relief would be limited to state court decisions so off the mark as to suggest judicial incompetence." Id. (internal quotation omitted).

The Court now turns to a review of the two habeas claims under this differential standard.

## II. Sandoval claim

Lewis' first claim alleges the Court's Sandoval ruling deprived him of his Sixth Amendment and Fourteenth Amendment due process rights to testify in his own defense and his right to a fair trial. Lewis contends that the unreasonable Sandoval determination precluded him from testifying to his version of the incident, from which the jury could have concluded that it was "merely a case of aggressive panhandling rather than robbery." Whether or not this ruling influenced Lewis' decision not to take the stand in his own defense, the fact that Lewis did not testify at trial is fatal to his claim. "[T]o raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Luce v. United States, 469 U.S. 38, 43 (1984). See also Peterson v. LeFevre, 753 F. Supp. 518, 521 (S.D.N.Y. 1991) ("It is well-settled that a petitioner's failure to testify [at trial] is fatal to any claims of constitutional deprivation arising out of a Sandoval type ruling because, in the absence of such testimony the Court has no adequate non-speculative basis upon which to assess the merits of the claim, even when the issue is raised on direct appeal.").

Because Lewis did not testify at trial, Lewis' claim alleging constitutional due process violations based on the Sandoval ruling is not cognizable on habeas review in federal court and the claim is therefore dismissed.

## III. Apprendi claim

Although Lewis' Apprendi claim was deemed "unpreserved for appellate review," the Appellate Division stated that this "remaining contention is ... in any event, without merit." People v. Lewis, 818 N.Y.S.2d 615, 616 (2d Dep't 2006). Thus, as the claim was adjudicated on the merits in state court, AEDPA deference is to be applied.

Lewis alleges that the state court's sentence was "contrary to clearly established federal law under Apprendi v. New Jersey, as determined by the Supreme Court" because "his sentence under New York's persistent violent felony offender statute (Penal Law § 70.08) [was a] constitutional denial of his right to a jury trial." (Petition at 9).

New York Penal Law states that a person will be adjudicated a persistent violent felony offender if he "stands convicted of a violent felony offense" and has been previously convicted of "two or more... violent felony" offenses. N.Y. Penal Law § 70.08(1)(a). Once a court has determined "that a person is a persistent violent felony offender the court must impose" an enhanced sentence. N.Y. Penal Law § 70.08(2)(emphasis added). Here, Lewis was convicted of robbery in the First Degree, among other crimes, and admitted at his sentencing to previously committing two identical felonies: attempted robberies in the second degree. Lewis was properly adjudicated a persistent violent felony offender pursuant to N.Y. Penal Law § 70.08(1)(a) and the sentencing judge imposed a mandatory sentence of 21 years to life, enhanced from the 12 to 25 year prison term he would have received on the robbery conviction.

Apprendi v. New Jersey held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). A sentence enhancement based on prior convictions alone, as is the case here, does not run afoul of Apprendi. The decision of the state court to that effect is therefore not "contrary to... clearly established federal law." See 28 U.S.C. § 2254(d)(1). Lewis thus fails to demonstrate a constitutional violation that warrants *habeas corpus* relief.

## CONCLUSION

The petition for a writ of *habeas corpus* is denied. Since Lewis has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
      December 17, 2009

/S/
Carol Bagley Amon
United Stated District Judge